**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHINSTAR LLC,<br><br>Plaintiff,<br><br>v.<br><br>A1OTIX4H219B46, et al.,<br><br>Defendants. | Case No. 26-cv-05321-VEC |

## PRELIMINARY INJUNCTION ORDER

This cause comes before the Court on Plaintiff ShinStar LLC's ("Plaintiff") application, brought by way of Order to Show Cause, for entry of a Preliminary Injunction (the "Application") against to the Defendants identified on the Schedule A attached hereto (collectively, "Defendants"), the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A (collectively, the "Seller Aliases"). Based on the papers and other evidence submitted in support of the Application, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

1. Plaintiff is likely to prevail on its trademark infringement and counterfeiting, false designation of origin, and copyright infringement claims at trial.
2. As a result of Defendants' misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries. For example:
   a. Defendants, without any authorization or license from Plaintiff, have knowingly, willfully, and deliberately infringed Plaintiff's trademarks, U.S. Trademark

[1] The e-commerce store URLs are listed on Schedule A hereto under the Online Marketplaces.

Registration Nos. 7,902,874 and 7,902,877 (the “SPRUNKI Trademarks”), and Plaintiff’s copyrighted works registered with the United States Copyright Office under “Wenda(White) and 5 Other Unpublished Works” (U.S. Copyright Registration No. VAu 1-556-801) (the “Sprunki Copyrighted Works”) in connection with the systematic advertisement, distribution, offering for sale, and sale of infringing products (“Unauthorized Products”) into the United States over the Internet through accounts with online marketplace platforms including PayPal, Amazon, eBay, TikTok, and other platform accounts held by Defendants (the “Online Marketplaces”).

b. Plaintiff has well-founded fears that more Unauthorized Products will appear in the marketplace using the same Online Marketplaces or new and different Online Marketplaces; that consumers may be misled, confused and disappointed by the quality of these Unauthorized Products, resulting in injury to Plaintiff’s reputation and goodwill and in particular, the reputation and goodwill related to SPRUNKI Trademarks and Sprunki Copyrighted Works.

3. On balance, the potential harm from preventing Defendants from continuing to profit from their illegal and infringing activities if a preliminary injunction order is issued is substantially outweighed by the potential harm to Plaintiff, its business, and the goodwill and reputation built up in and associated with SPRUNKI Trademarks and the Sprunki Copyrighted Works if a preliminary injunction order is not issued.

4. The public interest favors issuance of the preliminary injunction order to protect Plaintiff’s interests in and to the SPRUNKI Trademarks and the Sprunki Copyrighted Works, and to protect the public from being deceived and defrauded by Defendants’ passing off of their Unauthorized Products as Plaintiff’s products.

5. Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants and does not violate the Hague Service Convention as Defendants' addresses are unknown or unverifiable despite Plaintiff's due diligence.

**ORDER**

The injunctive and other relief previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and 15 U.S.C. § 1116(a). Based on the foregoing findings of fact and conclusions of law, Plaintiffs Application is hereby **GRANTED** and it is **ORDERED** as follows:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them, are hereby enjoined and restrained from engaging in any of the following conduct pending the final hearing and determination of this action or until further order of the Court:
   a. using the SPRUNKI Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Sprunki product or not authorized by Plaintiff's to be sold in connection with the SPRUNKI Trademarks;
   b. reproducing, distributing copies of, making derivative works of, or publicly displaying the Sprunki Copyrighted Works in any manner without the express authorization of Plaintiff;
   c. passing off, inducing, or enabling others to sell or pass off any product as a genuine Sprunki product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and

approved by Plaintiff for sale under the SPRUNKI Trademarks and/or the Sprunki Copyrighted Works;

d. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

e. further infringing the SPRUNKI Trademarks and/or the Sprunki Copyrighted Works and damaging Plaintiff's goodwill; and

f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the SPRUNKI Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof and/or which bear the Sprunki Copyrighted Works.

**Asset Restraint**

2. Pursuant to Fed. R. Civ. P. 64 and 65, as well as C.P.L.R. 6201, and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within seven (7) calendar days of receipt of service of this Order, any online marketplace platform such as PayPal, Inc. ("PayPal"), Amazon.com, Inc. ("Amazon"), eBay, Inc. ("eBay"), and ByteDance Ltd., TikTok Ltd., TikTok Inc., and TikTok LLC (collectively, "TikTok"), (collectively, the "Third Party Providers") shall, within seven (7) calendar days of receipt of this Order:

a. locate all accounts and funds connected to Defendants and the Seller Aliases' Online Marketplaces, including, but not limited to, any financial accounts connected to the

information listed in Schedule A hereto, the e-mail addresses identified in Exhibits to the Declaration of Zhen Liang, and any e-mail addresses provided for Defendants by third parties; and

b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

**<u>Expedited Discovery</u>**

3. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of the Online Marketplaces, including, without limitation, any online marketplace platforms such as the Third Party Providers shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

a. the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces; and

c. any financial accounts owned or controlled by Defendants, including their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under

the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, the Third Party Providers, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Plaintiff is authorized to issue expedited written discovery, pursuant to Federal Rules of Civil Procedure 33, 34 and 36, as well as Local Civil Rule 33.3 of the Local Rules of the United States District Court for the Southern District of New York, related to:

   a. the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses; and

   b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces.

Plaintiff is authorized to issue any such expedited discovery requests via e-mail. Defendants shall respond to any such discovery requests within seven (7) calendar days of being served via e-mail.

**Service by Electronic Mail and Electronic Publication**

5. Plaintiff may provide notice of these proceedings to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with an attachment of the relevant documents and a link to said website to an e-mail address for each Defendant.

**Security Bond**

6. The ten thousand dollars ($10,000) bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

**Application to Vacate or Dissolve**

7. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

Date: 7/13/2026

VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE

## ShinStar LLC v. A1OTIX4H219B46, et al. - Case No. 26-cv-05321

# Schedule A

| Defendant Online Marketplaces | | | |
|---|---|---|---|
| **No.** | **URL** | **Name / Seller Alias** | **Cause of Action** |
| 1 | amazon.com/sp?seller=A1OTIX4H219B46 | A1OTIX4H219B46 | Trademark and Copyright |
| 2 | amazon.com/sp?seller=A36PX8PUO9OW37 | Artvibe US | Trademark |
| 3 | amazon.com/sp?seller=A239X2OUJYULBL | BYCUSTOMER | Copyright |
| 4 | amazon.com/sp?seller=A2VU3OMDD12X8L | DONGYINGYXX | Copyright |
| 5 | amazon.com/sp?seller=A379D0PC5NDP1Q | haerbinshahuixueshan gmaoyouxiangongsi | Trademark and Copyright |
| 6 | amazon.com/sp?seller=A3L1NFN2393SB8 | huangqihu88 | Trademark and Copyright |
| 7 | amazon.com/sp?seller=A8BX5EWFMSXXL | MAGUOSHENG132 | Trademark and Copyright |
| 8 | amazon.com/sp?seller=AOVTUG2O4PPXM | mannidan | Trademark and Copyright |
| 9 | amazon.com/sp?seller=A1W4VE1DTGZMJQ | NobleSave | Trademark |
| 10 | amazon.com/sp?seller=A36U0UUT8D3LFK | YHWSLYZ | Copyright |
| 11 | amazon.com/sp?seller=A2FCR9T5FI99D6 | zhaochuanqiang | Copyright |
| 12 | ebay.com/usr/globalshop2008 | globalshop2008 | Trademark and Copyright |
| 13 | DISMISSED | DISMISSED | DISMISSED |
| 14 | ebay.com/usr/zsj052 | Junchen_Mall | Trademark and Copyright |
| 15 | ebay.com/usr/qiqi-dollshop | qiqi-dollshop | Copyright |
| 16 | ebay.com/usr/rtoormo | rtoormo | Trademark and Copyright |

| | | | |
|---|---|---|---|
| 17 | shop.tiktok.com/us/store/budget-boy/8653972075278602273?source=product_detail&enter_method=product_info_right_shop&first_entrance_tt_scene=share | Budget Boy | Trademark and Copyright |
| 18 | tiktok.com/shop/store/samposhue/7495677127861439450?source=product_detail&enter_method=product_info_right_shop&first_entrance_tt_scene=share | Samposhue | Trademark and Copyright |
| 19 | walmart.com/seller/103119577 | HEFEN | Trademark and Copyright |
| 20 | walmart.com/seller/103118143 | InkWave Apparel | Copyright |